432

660 P.2d 44

**Daniel Reed OBRAY, Jack Obray and Janet Obray, Plaintiffs-Appellants,**

v.

**Diane Fay GLICK, aka Diane Fay Klevmoen, the City of Pocatello and Kirk Nelson, Defendants-Respondents.**

No. 13597.

Supreme Court of Idaho.

Dec. 23, 1982.

Rehearing Denied March 29, 1983.

Robert Huntley, Jr., Pocatello, for plaintiffs-appellants.

Dale W. Kisling and Charles A. Homer, Pocatello, for defendants-respondents.

PER CURIAM.

This is an appeal from a summary judgment in favor of the City of Pocatello and Officer Kirk Nelson in an action to recover for the personal injuries of Daniel Obray. The record in this case includes the depositions of plaintiff Daniel Obray, defendant Diane Klevmoen, defendant Officer Kirk Nelson, Tracy Marley (a witness) and Frank J. Wilkey (an investigating officer). These depositions reveal the following facts.

On June 30, 1977, a van owned by Circo Painting Contractors of Pocatello stalled on the roadway. Daniel Obray, a seventeen-year-old employee of Circo, was transported to the van and instructed to stay with it until such time as a wrecker came to remove or repair the van. When Obray arrived on the scene the van was located on the east side of South 5th Avenue in Pocatello, a two-lane, one-way street for northbound traffic, approximately 36 feet in width. The van was parked with its right front corner at the pavement's edge and its right rear corner about eighteen inches west of the pavement edge. The distance between the center line of 5th Avenue and the left rear corner of the van was about 11½ or 12 feet. A triangular reflector had been placed 40 to 45 feet behind the van, approximately five feet from the center line between the two lanes of traffic. Obray was informed by the two men who had originally taken the van from the shop that it was impossible to roll the van completely off the roadway because its wheels had

locked. These two men then left the scene in another vehicle.

Obray got into the van and sat on the passenger side of the vehicle to wait for the wrecker. Approximately five minutes later, defendant Kirk Nelson, while in the course and scope of his duties as a police officer for the City of Pocatello, stopped at the scene to investigate. Nelson parked his patrol car behind the van in the right-hand lane of 5th Avenue and activated his yellow warning flashers. Nelson then approached the van, and as he did so, he placed the reflector, which had blown over, upright. Officer Nelson then spoke with Obray. Obray testified that the conversation was as follows:

> "[H]e asked me what was wrong, and I told him it was froze up and there was a wrecker called, and he said, well, it had been reported as a hazard and he said the reflector had blown over, and he told me to keep it picked up."

Officer Nelson, on the other hand, testified that he told Obray to activate the flashers on the van and advised him to stand in the barrow pit. Nelson also stated:

> "I advised him that as I approached the vehicle, I noticed that the reflector was knocked down, probably because of the gusting wind conditions, and it would be advisable to keep an eye on it while he was standing in the barrow pit, if that was what he chose to do, and to replace it as a protection to the vehicle if it should, in fact, be blown over again."

Following the conversation, Officer Nelson left the scene to go to a previously scheduled assignment—aiding a contractor who was going to be cutting trees in a residential neighborhood.

After Officer Nelson had gone, Obray got out of the van and noticed that the reflector had again blown over. He walked back to the reflector, angling from the side of the roadway to the place where the reflector was located. Obray's deposition testimony indicates that either before he started walking back to the reflector or while he was walking toward it, he looked up to check the traffic. Obray stated that he saw one car approximately two blocks away and that he believed it was in the left-hand lane. He later stated, however, that he could not tell which lane the car was in because the road is at an angle. Obray also testified that he didn't wait to set the reflector upright because when he looked up there was no traffic close enough to worry about.

Obray was facing south toward the oncoming traffic when he reached the reflector. He bent over to set the reflector upright and was struck by an automobile driven by the defendant Diane Kay Klevmoen. Obray testified that he was bending over the reflector for about 10 to 20 seconds. Klevmoen, who was driving north on 5th Avenue in the right-hand lane, admitted that at the time of the accident the road was not obstructed and that there was nothing blocking her vision. She testified that the accident occurred while she was looking back on her left side in preparation to change from the right-hand lane to the left. She stated that the reason she was changing lanes was because she had seen slow moving traffic ahead of her. Klevmoen also stated that she did not see Obray standing on the roadway until just before the accident.

The plaintiffs filed suit seeking damages for the personal injuries suffered by Obray, alleging negligence on the part of Klevmoen, Officer Kirk Nelson, and the City of Pocatello. Defendants City of Pocatello and Officer Kirk Nelson moved for summary judgment. The trial court granted the motion finding that Nelson was not negligent in ordering Obray to keep the reflector upright or in leaving the scene, and that even if Nelson had been negligent, "the conduct of plaintiff, Daniel Obray, and defendant, Diane Klevmoen, acted in such concert that such conduct became an intervening and superseding cause that would insulate any negligence of defendant, Nelson." An order certifying the order of summary judgment for appeal was issued by the trial court, and the plaintiffs perfected this appeal.

## I.

Upon a motion for summary judgment, all facts and inferences must be construed most favorably toward the party against whom summary judgment is sought. *Twin Falls Clinic & Hospital Building Corp. v. Hamill,* 103 Idaho 19, 22, 644 P.2d 341, 344 (1982); *LaChance v. Ross Machine & Mill Supply, Inc.,* 102 Idaho 505, 506, 633 P.2d 570, 571 (1981); *McKinley v. Fanning,* 100 Idaho 189, 190, 595 P.2d 1084, 1085 (1976). Thus, the issue in this case is whether, construing the facts most favorably toward the appellants, we can say as a matter of law that either Officer Nelson was not negligent or, if he was negligent, that he is relieved of liability for that negligence because Obray's injuries were caused by superseding, intervening forces.

The issue of intervening, superseding causes was discussed recently in *Mico Mobile Sales & Leasing, Inc. v. Skyline Corp.,* 97 Idaho 408, 546 P.2d 54 (1975), in which the Court adopted the criteria found in the Restatement (Second) of Torts for determining whether an intervening act is a superseding cause of injury to another. The key inquiry under the criteria set forth in *Mico* is whether the intervening acts were foreseeable. *LaChance, supra,* 102 Idaho 505, 507, 633 P.2d 570, 572. "Ordinarily, the question of foreseeability is a question of fact.... However, when the undisputed facts can lead to only one reasonable conclusion, this court may rule upon the issue of foreseeability as a matter of law." *Mico, supra,* 97 Idaho at 412–13, 546 P.2d at 58–59 (citation omitted). *See LaChance, supra,* 102 Idaho at 507, 633 P.2d at 572. Applying the criteria set forth in *Mico,* and construing the facts most favorably to the appellants, as we must, we can reach only one conclusion in this case: the intervening acts of Obray and Klevmoen were unforeseeable as a matter of law. It is the opinion of this Court that the defendant police officer should not be expected to have foreseen each of the following acts: that Obray would enter a lane of traffic to upright the reflector without carefully observing previously sighted traffic in the area; that he would bend over the reflector for 10 to 20 seconds without looking up to observe traffic; and that, at the same time, an oncoming motorist driving on an unobstructed roadway would fail to see Obray standing on the roadway until just before the accident.

Accordingly, we uphold the district court's conclusion that the intervening acts of Obray and Klevmoen were a superseding cause of Obray's injuries, thus relieving the respondent of any and all liability. Because we agree with the latter holding of the district court that the acts of Obray and Klevmoen constituted an intervening and superseding cause of the accident, a discussion of whether Officer Nelson assumed a duty towards Obray or was negligent is not necessary to the disposition of this case. Similarly, it is unnecessary to discuss the respondent's contention that the trial court's decision can be affirmed on the ground that the plaintiffs did not file a timely notice of claim against the City of Pocatello. This summary judgment is therefore *affirmed.*

Costs to respondents.

BAKES, C.J., and DONALDSON, SHEPARD, BISTLINE and McFADDEN, JJ., concur.

McFADDEN, J., registered his vote prior to his retirement on August 31, 1982.